THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* COLUMBIA CASUALTY COMPANY, Defendant.

Supreme Court, New York County, April 5, 1935.

*John J. Bennett, Jr., Attorney-General,* for the plaintiff.

*Everett F. Warrington,* for the defendant.

CALLAHAN, J. Plaintiff sues on a bond issued by the defendant as surety and the Independence Indemnity Company as principal pursuant to the requirements of subdivision 7 of section 54 of the Workmen's Compensation Law, as added by chapter 305 of the Laws of 1929. The bond in question was filed on the 18th day of June, 1930, to enable the principal to comply with the requirements of the statute mentioned.

The essential provisions of the statute are that no policy or contract of workmen's compensation insurance shall be issued in this State by a foreign insurance company unless such company files a bond to the People of the State of New York " conditioned upon the payment in full of any and all compensation and benefits as provided in this chapter to any and all persons entitled thereto under any such policy or contract of insurance. Such bond shall be approved as to form by the attorney-general and as to sufficiency by the superintendent of insurance. The amount of such bond shall be such sum as may reasonably represent twenty-five per centum of the outstanding reserves for compensation losses on policies issued by such foreign stock corporation or mutual association upon risks located in the State of New York as determined by law or by the requirements of the superintendent of insurance, provided, however, that the amount of such bond shall in no case be less than twenty-five thousand dollars nor more than one million dollars. Such bond shall be renewed annually. Every such bond shall contain a provision authorizing the attorney-general upon the certificate of the superintendent of insurance that there has been default in the payment of compensation for thirty days or that the bonded company has become insolvent to enforce such bond in the name of the people of the State of New York for the benefit of any and all persons entitled to the compensation assured by any policy issued by such foreign stock corporation or mutual association or otherwise entitled to any benefits under such policy." The statute provides as an alternative that the foreign insurance company may deposit with the Superintendent of Insurance securities of a certain class instead of giving a bond. The amount of the securities is likewise fixed at twenty-five per cent of the outstanding reserves for compensation losses on policies issued by such foreign corporations on risks located in this State with the same minimum and maximum as provided with respect to bonds. The statute also provides that securities so deposited shall be held by

the Superintendent of Insurance as a special deposit and as express security for the payment of such compensation or benefits and that they may be sold by the Superintendent in the event there has been default in the payment of compensation for thirty days or that the depositing company had become insolvent.

The condition of the bond in suit was as follows: "*Now therefore,* the condition of this bond is such that if the principal shall pay in full any and all compensation benefits as provided in the Workmen's Compensation Law to any and all persons entitled thereto under any policy or contract of insurance issued by the principal, then this obligation shall be void; otherwise to remain in full force and effect."

No specific term or expiration date was fixed in this bond.

The moving papers show, without contradiction, that prior to the giving of the bond in suit and in June, 1929, a similar bond had been given in the sum of $190,000, executed by the same principal and the United States Fidelity and Guaranty Company as surety. In 1931 a renewal of the bond in suit was given by the same principal in the sum of $230,000 on which Detroit Fidelity and Surety Company was the surety. In 1932 another renewal bond in the sum of $260,000 was filed by this principal on which the Union Indemnity Company acted as surety. The last-mentioned bond ceased to become operative during 1932, and by order of the Superintendent of Insurance, the principal herein, in lieu of another bond, deposited with the Insurance Department securities as permitted by the alternative provisions of the statute in the sum of $385,000. In each of the years specified the amount of the bond, and in the last instance the amount of the securities deposited, was fixed pursuant to a determination of the Insurance Department that the amount specified represented twenty-five per cent of the outstanding reserves for compensation losses on policies which had been issued by the principal on risks located in this State. In 1933 the principal became insolvent and receivers were appointed for it. The Superintendent of Insurance thereafter and on April 23, 1934, certified a default by the principal in the payment of compensation claims for thirty days and thereupon this suit was instituted. It further appears that there had been no default in the payment of compensation losses under any policy issued by the principal named in the bond until sometime after the year 1932.

The bond is a statutory one and the essential question involved is one of the construction of the statute pursuant to which it was given. The plaintiff contends that the bond covers liability for any default in the payment of compensation under any policy of

insurance issued by the principal during the year for which the bond was given, to wit, 1930 to 1931, irrespective of when default occurred. Defendant contends that the liability of the surety relates only to defaults occurring during said year 1930–1931 and as there were no defaults in that period no liability ensued. The clause in the statute which is the basis of the dispute is the provision " such bond shall be renewed annually." Does such provision in the statute mean that when a new bond is given pursuant to the provision for renewal annually the former bond is superseded as to future defaults by the renewal bond? I think that it does. It appears, without contradiction, that the amount of each annual bond was fixed in accordance with the statute at a sum representing twenty-five per cent of the outstanding reserves for compensation losses on all policies issued by the foreign corporation on risks located in this State, and that the amount of the reserve was determined by the Superintendent of Insurance each year, based on all losses suffered or incurred by the principal up to the time of such fixation. The amount of each bond was, therefore, computed on the basis of all outstanding claims against the principal at the time of each fixation. Each bond, therefore, and the securities deposited in the last instance, represented twenty-five per cent of the reserves on all outstanding risks incurred to the date, of the bond. No greater security than this could be required under the law.

It seems, therefore, that the statute has been construed by the Insurance Department as if it did not continue the liability of former sureties in addition to the indemnification supplied by the renewal bond. I think this construction was proper. The result is that the indemnity is limited to the securities deposited and there is no liability on the part of the defendant surety. This construction is borne out by the documents attached to the moving papers showing the history of this legislation. It clearly was not intended that the bonds given were to be cumulative. The provision for renewal of the bond annually was to provide for the fixation of a new amount at least once a year so that the amount of the security would always be consonant with the risks then outstanding. If the present claim of the plaintiff be correct, it is evident that a bond in a different form would have been required. That is, if the intention was that the liability of the surety was to continue under the old bonds, as to future defaults, unquestionably a new bond would only be required in such increased amount as would have met the increased liability based on twenty-five per cent of the reserves. This is further illustrated when it is considered that securities might have been deposited each year instead of supplying bonds. Unquestion-

ably, if the amount of securities already on deposit was sufficient to cover the risks outstanding at the time of an annual computation the deposit of additional securities would not be required and, conversely, if the risk had been increased the additional deposit of securities required would have been limited to a sum necessary to meet the increased risk.

It being my view that there is no cause of action against this defendant for the reasons above stated, it becomes unnecessary to discuss the other questions raised by defendant.

Motion of defendant is granted and judgment directed dismissing the complaint on the merits.