In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK, by GEORGE S. VAN SCHAICK, as Superintendent of Insurance, Respondent, for Orders to Take Possession of the Property and Conserve the Assets of the INTERNATIONAL REINSURANCE CORPORATION, INDEPENDENCE INDEMNITY COMPANY and PUBLIC INDEMNITY COMPANY.

GEORGE DE B. KEIM et al., as Receivers of the INTERNATIONAL REINSURANCE CORPORATION, Appellants.

(Argued May 21, 1936; decided July 8, 1936.)

*Francis R. Stoddard* for appellants.

*Irvin Waldman* and *Alfred C. Bennett* for respondent.

*Robert J. Sykes* and *William C. Morris* for Metropolitan Casualty Insurance Company of New York, *amicus curiæ.*

*Jeremiah F. Connor* and *Everett F. Warrington* for Columbia Casualty Company, *amicus curiæ.*

CROUCH, J. Determination of the controversy here hangs primarily upon a construction of section 54, subdivision 7, of the Workmen's Compensation Law (Cons. Laws, ch. 67), and of a bond and deposit of securities made pursuant thereto. So far as material, the text of the statute is as follows:

" 7. Limitation of the issuance of policies by a foreign insurance company. No policy or contract of insurance issued by a foreign stock corporation or mutual association authorized to transact the business of workmen's compensation insurance in this state * * * shall be accepted * * * unless such foreign stock corporation or mutual association shall have filed with the superintendent of insurance a bond or undertaking with good and sufficient sureties to the people of the state of New York, and conditioned upon the payment in full of any and all compensation and benefits as provided in this chapter to any and all persons entitled thereto under any such policy or contract of insurance. * * * The amount of such bond shall be such sum as may reasonably represent twenty-five percentum of the outstanding reserves for compensation losses on policies issued by such foreign stock corporation or mutual association upon risks located in the state of New York. * * * Such bond shall be renewed annually. * * * In lieu of the bond * * * any such foreign stock corporation or mutual association may deposit with the superintendent of insurance securities of the kind prescribed in section thirteen of the insurance law in an amount equal to twenty-five percentum of the outstanding reserves for compensation losses on policies issued * * * upon risks located in the state of New York, * * *. Such securities shall be held by the superintendent of insurance as a special deposit and as express security for the payment of such compensation or benefits."

Subdivision 7 was added to section 54 by chapter 305 of the Laws of 1929. Its legislative background (Legislative Document No. 87, 1928; Legislative Document No. 75, 1929) discloses a purpose to protect, in the event of the insolvency of a foreign insurance carrier, all workmen and their dependents then or thereafter to be entitled to any compensation and benefits under policies issued by it. Prior to its enactment, no such protection was afforded. For lack of it unfortunate losses had been sustained.

International Reinsurance Company, prior to January 5, 1933, had absorbed Independence Indemnity Company and Public Indemnity Company, corporations which had for some years engaged in the business of issuing workmen's compensation policies in the State of New York. Following the enactment of subdivision 7, those companies had complied annually with its provisions by filing bonds underwritten by various surety companies in varying amounts as determined according to the provisions of the statute. Having taken over the business of the other two companies, it became necessary for the International to furnish the statutory security. Accordingly, as of January 5, 1933, International filed a bond for $112,000 upon which General Indemnity Corporation of America was surety. Upon the statutory basis the security required amounted to $260,000. The bond was, therefore, supplemented by a deposit of certain securities and first mortgages having a par or face value of $385,000.

In April, 1933, International was declared insolvent and three receivers were appointed in chancery proceedings in Delaware. Immediately thereafter upon the application of the Superintendent of Insurance of this State, an order was made pursuant to article XI of the Insurance Law (Cons. Laws, ch. 28), directing him to take possession of and to conserve the property of International within this State. In due course of administration, the Superintendent of Insurance, as conservator, filed a report,

audit and petition which proposed alternative plans relating to the manner in which the rights of the New York compensation creditors of International and its subsidiary companies should be enforced as against the various sureties on the respective qualifying bonds, and against the special deposit of securities and mortgages. The Delaware receivers appeared in the proceeding and filed objections to both plans.

The issues raised by the objections were sent to a referee for determination. One of the alternative plans contemplated a ratable distribution among all compensation creditors of a fund to be made up of the proceeds of the deposited securities and mortgages, augmented by the proceeds of any recovery which might be obtained on the bond against the General Indemnity Corporation in liquidation. This plan was based upon a decision at Special Term in the case of *People* v. *Columbia Casualty Co.* (155 Misc. Rep. 91), which held that each annual bond filed pursuant to subdivision 7, superseded all previous bonds as to all future defaults, regardless of the time when the particular policy covering the loss was issued, and regardless also of the bond which was current when the policy was issued. The objection of the Delaware receivers to that plan rested upon the contention that there was no supersession of prior bonds; but that, on the contrary, each bond continued in full force and effect and constituted security for any and all losses incurred upon policies issued during its currency, regardless of when the losses and defaults might occur. According to that contention, International would be responsible for only $971.78, since that was the total liability arising out of the policies issued after January 5, 1933. On the other hand, under the theory of the proposed plan, International would be responsible for all unpaid compensation and benefits, since defaults in the payment thereof occurred by reason of insolvency during the currency of its bond and deposit.

The report of the referee overruled the objections of the Delaware receivers and sanctioned the proposed plan. It was held that when a new bond is given pursuant to the requirement of subdivision 7 for an annual renewal, the former one is superseded as to future defaults by the renewal bond; and that, since the deposit of securities is in lieu of a bond, the same rule applies to the deposit. The report was confirmed and the order entered thereon was affirmed by the Appellate Division. We see no reason for disagreeing with the decision below.

We assume that the deposited securities and mortgages are held upon the same condition specified in the bond. That condition is as follows:

" Now, therefore, the condition of this bond is such that if the Principal shall pay in full any and all compensation and benefits accruing subsequent to January 5th, 1933, as provided in the Workmen's Compensation Law to any and all persons entitled thereto under any policy or contract of insurance issued by the Principal, then this obligation shall be void; otherwise to remain in full force and virtue.

" Provided further, that upon the certificate of the Superintendent of Insurance that there has been default in the payment of compensation for thirty days or that the Principal has become insolvent, the Attorney General of the state of New York may enforce this bond in the name of The People of The State of New York for the benefit of any and all persons entitled to the compensation assured by any policy issued by the Principal or otherwise entitled to any benefits under such policy."

The words " accruing subsequent to January 5th, 1933," need a passing explanation. No words of like import are in any of the prior bonds; neither are they required or provided for in the statute. It happened that this particular bond was actually executed on January 28, 1933, as its date shows. It replaced in part a bond, dated January 5, 1933, the surety upon which went

into liquidation. The words in question were obviously inserted, not as a limitation, but merely to cover the gap. We have, then, a bond complying with the statute, conditioned upon payment in full of any and all compensation and benefits " to any and all persons entitled thereto under *any* policy or contract of insurance *issued* by the Principal," coupled with a provision that upon default for thirty days or in the event of insolvency, the Attorney-General might enforce the bond " for the benefit of any and all persons entitled to the compensation assured *by any policy issued by the Principal.*" This language leaves little room for construction. Read in the light of the purpose underlying the statute and of the statutory requirement for annual renewal in an amount fixed with reference to outstanding reserves for losses on all policies issued, it seems clear enough that it was intended as indemnity against any default in payment during its currency — exactly as it says — " under *any* policy or contract of insurance issued by the Principal." The construction urged by the appellants would restrict the broad language of the statute and bond, and would lead to unnecessary and undesirable complexities in practical operation. The fund, therefore, is subject to distribution in the manner proposed by the conservator.

Having reached this conclusion upon the question of construction, it becomes unnecessary to consider the further question arising under a contention by the conservator to the effect that even though the other construction was adopted, the same result could be achieved by aid of the preference granted by section 34 of the Workmen's Compensation Law. This involves an approach from a somewhat different angle to the question which was before us in *Matter of People (Southern Surety Co.)* (266 N. Y. 589).

The order should be affirmed, with costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and FINCH, JJ., concur.

Order affirmed.